MEILY CO. v. LONDON & LANCASHIRE FIRE INS. CO.

(Circuit Court of Appeals, Third Circuit. December 3, 1906.)

No. 12.

INSURANCE—ACTION ON POLICY BY CORPORATION—DEFENSE OF WILLFUL BURNING.

Evidence which warrants a finding that the property of a corporation plaintiff was willfully burned by its president, who had full control of its affairs and was the owner of practically all of its stock, the remainder being owned by members of his family; that the business was on the decline, the lease about to expire, and the property overinsured; and that the overvaluation was participated in by other members of the family—is sufficient to charge the corporation with the act of incendiarism, and to constitute a defense to an action to recover the insurance.

In Error to the Circuit Court of the United States for the Eastern District of Pennsylvania.

For opinion below, see 142 Fed. 873.

A. H. Wintersteen, for plaintiff in error.

Frank R. Shattuck, for defendant in error.

Before DALLAS, GRAY and BUFFINGTON, Circuit Judges.

BUFFINGTON, Circuit Judge. This is a writ of error to the Circuit Court for the Eastern District of Pennsylvania. In that court the Meily Company, a merchandizing corporation, brought suit against the London & Lancashire Fire Insurance Company to recover on two fire insurance policies—one upon its store goods, and the other on its store fixtures. The insurance company defended, inter alia, on the ground the plaintiff had set fire to the store. The jury found for the defendant, and the plaintiff sued out this writ.

While there are numerous assignments of error, the case may be treated from the aspect well summarized in the brief of the plaintiff in error, viz.:

"The verdict was practically equivalent to a finding that the plaintiff corporation intentionally and fraudulently caused the fire, or knowingly participated in an act of incendiarism upon the stock and fixtures destroyed, and therefore it was not entitled to recover."

Now such verdict would be warranted if the jury found that George W. Meily, the president of the plaintiff company, was the actual owner of all of its stock and that he set fire to the store in question, or, in case he was not the sole owner, that he set fire to the store with the assent of his fellow shareholders; Kirkpatrick v. Allemania Fire Insurance Company (N. Y.) 102 App. Div. 327, 92 N. Y. Supp. 466. The testimony in 'the case is so voluminous, the trial lasting more than a week, that it cannot be here quoted at length; but we have carefully examined it all. Without referring in detail to the evidence, and noting the fact that there was testimony to the contrary, we find that facts were proved from which the jury could infer that the business of the plaintiff was on the decline to a marked degree; that the lease had nearly expired and the landlord was unwilling to extend it; that the property was insured in excess of its value; that the plaintiff company was a family corporation; that the business was really George W. Meily's, and was carried on in corporate form as a cloak to shield it from his creditors; that the fire was caused by his incendiary act; and that the participation by his sons in the alleged overvaluation of the stock afforded ground from which the jury could infer their acquiescence in the alleged incendiarism. The jury having before it evidence of facts from which such inference could be drawn, "it is not within the province of this court to inquire, or by deduction to surmise, how the whole or any part of that evidence was dealt with by the jury." Lear v. United States, 147 Fed. 349. Such being the case, the testimony of the witness Sponsler tending to show the alleged incendiarism was properly admitted, and no error was made in the answer to the points.

The allusion in the charge to George W. Meily as the plaintiff was a mere verbal slip, which could not have misled the jury, in face of the clear and repeated statements therein that the Meily Company was the plaintiff.

The judgment will be affirmed.