BELLMAN and others, Appellants, vs. HOME INSURANCE
    COMPANY OF NEW YORK and others, Respondents,
    [Five cases.]

*September 12—October 10, 1922.*

*Insurance: Partnership property: Fire set by one partner: Rights
    of other partner: Assignees.*

1. Where fire insurance policies covering automobiles owned by
   partners contained provisions that the insurer would not be
   liable for loss or damage caused by the failure of the insured
   to use all reasonable means to preserve the property, and one
   partner wilfully set the automobiles on fire, the innocent part-
   ner cannot recover from the insurer, the obligation being
   joint and each partner having agreed that both he and his
   partner would use all reasonable means to preserve the prop-
   erty.
2. A chattel mortgagee having an assignment of the insurance
   policies has no greater rights against the insurer than had
   the insured.

APPEALS from judgments of the circuit court for Rock
county: GEORGE GRIMM, Circuit Judge. *Affirmed.*

On the 15th day of January, 1920, the plaintiffs *Bellman*
and *Williams* associated themselves together as a partner-
ship, under the firm name of Bellman-Williams Auto Com-
pany, for the conduct of an automobile business in the city
of Evansville. Thereafter they secured various policies of
fire insurance in the defendant companies. The plaintiff
*Bank of Evansville* held a chattel mortgage upon the insured
property, and the policies were made payable to said bank
as its interest might appear. On the 27th day of May,
1920, in the nighttime, during the absence from the city of
the plaintiff *Bellman,* and, as the court found, without his
knowledge, consent, procurement, connivance, or participa-
tion, either direct or indirect, the plaintiff *J. R. Williams,*
one of the partners, wilfully set fire to the insured property
for the purpose of obtaining the insurance thereon, causing
the complete destruction thereof. Subsequently said *Wil-*

*liams* confessed the crime and was duly sentenced to the state prison at Waupun.

These several actions were commenced by the plaintiffs to recover on the various policies of insurance.   The cases were tried before the court without a jury.   Findings of fact and conclusions of law were made and filed, resulting in judgments dismissing the complaints.   From the judgments so rendered plaintiffs bring these appeals.   The same questions are involved in each case.   They were briefed and argued together and will be disposed of in one opinion.

For the appellants there was a brief by *R. M. Richmond* of Evansville and *Nolan, Dougherty & Grubb* of Janesville, and oral argument by *W. H. Dougherty* and *Paul N. Grubb*.

For the respondents there was a brief by *Olin, Butler, Thomas, Stebbins & Stroud* of Madison, and oral argument by *Byron H. Stebbins*.

OWEN, J.   It is fundamental that an insured who deliberately sets fire to the insured property cannot recover on a policy of fire insurance.   To permit a recovery under such circumstances would reward crime and shock the most fundamental notions of justice.   To permit a recovery by either the partnership or the unoffending partner upon a policy of insurance issued to a partnership insuring partnership property where one of the partners has wilfully fired the insured property, is likewise repugnant to an intuitive sense of justice.   Much discussion and ingenious argument is indulged by plaintiffs' counsel, however, to establish the conclusion that the unoffending partner should not be held responsible for the wilful act of his guilty associate, and that not only the innocent partner but the partnership itself should be permitted to recover under such circumstances. No attempt will be made to follow or answer the various arguments made by plaintiffs' counsel to justify such a result.   We think that a reference to a few fundamental principles will be sufficient to demonstrate that these cases were correctly disposed of by the trial court.

There is some conflict in the authorities as to whether contracts of a partnership constitute joint and several obligations of the partners. But it has always been held that they are at least joint. That was the rule at common law; and while some modern decisions hold that they are joint and several, we are not now concerned with the latter question. There can be no doubt that these policies of insurance constituted the joint obligations of the individual members of the partnership. Rowley, Partnership, § 495 *et seq.* Without considering whether the law implies an agreement on the part of the insured that he will not set fire to the insured property, it is expressly provided in the policies that the companies should "not be liable for loss or damage caused directly or indirectly by . . . neglect of the insured to use all reasonable means to save and preserve the property at and after a fire." This was a joint obligation on the part of the partners. Each agreed that not only he, but that also his joint obligor, the other partner, would use "all reasonable means to save and preserve the property at and after a fire." It requires no argument to demonstrate that one who wilfully sets fire to property and leaves it to burn breaches his agreement to "use all reasonable means to save and preserve the property at and after a fire." As the plaintiff *Bellman* as well as the Bellman-Williams Auto Company agreed with the insurance companies that *Williams* as well as *Bellman* should "use all reasonable means to save and preserve the property at and after a fire," failure so to do constitutes a breach of a provision of the contract which, according to the express terms of the contract, operates to relieve the companies of all liability.

Since the assignee, *Bank of Evansville,* has no greater rights against the insurance companies than the insured (*Keith v. Royal Ins. Co.* 117 Wis. 531, 94 N. W. 295), it follows that the complaints were properly dismissed as to all of the plaintiffs.

*By the Court.*—Judgments affirmed.