**FIDELITY–PHENIX FIRE INS. CO. OF NEW YORK v. QUEEN CITY BUS & TRANSFER CO.**

(Circuit Court of Appeals. Fourth Circuit. January 27, 1925.)

No. 2307.

**1. Insurance ⬤⟳146(1)—Policy interpreted as valid, if possible.**

In case of doubt, interpretation of policy which imports validity will be preferred to that which would make it of no effect.

**2. Insurance ⬤⟳283(3)—Policy held to mean that any mortgage on property, except that mentioned in policy, would avoid it.**

Fire policy provision that insurer would not be liable for loss to property incumbered by mortgage must be read with statement disclosing existing mortgage, and construed to mean that mortgage on insured property other than that mentioned in policy would avoid it.

**3. Insurance ⬤⟳429—Incendiarism of mortgagee owning one-fourth of capital stock in mortgagor corporation held not imputable to mortgagor.**

Mortgagee of corporate property protected by fire policies, who owned one-fourth of capital stock in mortgagor corporation and was its president, was not substantial owner of corporation and its property, and his incendiarism in destroying insured property was not imputable to mortgagor, so as to preclude it from recovering on policies, but in such case insurance would go to mortgagor, to be paid to other creditors and stockholders.

**4. Insurance ⬤⟳385—Parol evidence of insurance agent's waiver of warranty of cost of insured property held incompetent.**

Where policy provided that officers or agents should not have power to waive terms of policy, except by indorsement written thereon or attached thereto, parol evidence that warranty of cost of insured property was known by issuing agent not to be true at the time policy was issued was incompetent.

**5. Insurance ⬤⟳198(5)—Recovery on fire policies, void because of misrepresentation as to cost of insured property, held limited to premiums paid, with interest.**

Where fire policies were void because representations as to cost of insured property were untrue, insured's recovery was limited to amount of premiums paid, with interest.

In Error to the District Court of the United States for the District of Maryland at Baltimore; Morris A. Soper, Judge.

Action by the Queen City Bus & Transfer Company against the Fidelity-Phenix Fire Insurance Company of New York. Judgment for plaintiff, and defendant brings error. Reversed.

Walter L. Clark, of Baltimore, Md. (Walter C. Capper, of Cumberland, Md., on the brief), for plaintiff in error.

Morton P. Fisher, of Baltimore, Md. (Arch A. Young and Clarence Lippel, both of Cumberland, Md., on the brief), for defendant in error.

Before WOODS, WADDILL, and ROSE, Circuit Judges.

WOODS, Circuit Judge. The plaintiff, the Queen City Bus & Transfer Company, recovered judgment against Fidelity-Phenix Fire Insurance Company on six policies of insurance, identical in form, each covering

a motor bus therein described. The only difference in the policies is in the description of the automobiles, the amount and rate of insurance, and statement of actual cost of the property. It will be more convenient to refer to only one of the policies. The policy provides:

"This policy is made and accepted subject to the provisions, exclusions, conditions, and warranties set forth herein or indorsed hereon, and to all conditions printed on the back hereof, and upon acceptance of this policy the assured agrees that its terms embody all agreements then existing between himself and the company or any of its agents relating to the insurance described herein, and no officer, agent, or other representative of this company shall have power to waive any of the terms of this policy unless such waiver be written upon or attached hereto; nor shall any privilege or permission affecting the insurance under the policy exist or be claimed by the assured unless so written or attached.

" * * * This policy shall not be valid unless countersigned by a duly authorized agent of the company at Cumberland, Md."

"Unless otherwise provided by agreement in writing added hereto, this company shall not be liable for loss or damage to any property insured hereunder

"(a) While incumbered by any lien or mortgage."

"The automobile described is fully paid for by the assured, and is not mortgaged or otherwise incumbered except as follows:

"Harry Lippold and R. Harry Morton."

[1, 2] At the date of the policies the six automobiles were mortgaged to Lippold & Morton for $8,000. The District Court correctly held that this did not invalidate the policy because the mortgage appeared on the face of the policy. The policy must be read as a whole, and the two provisions relating to incumbrance construed together. In case of doubt, that interpretation which imports validity will be preferred to that which would make the instrument of no effect. The two clauses, taken together, clearly mean that any mortgage on the property except that mentioned in the policy would avoid it. Phœnix Life Insurance Co. v. Raddin, 120 U. S. 183, 190, 7 S. Ct. 500, 30 L. Ed. 644; McMaster v. New York Life Insurance Co., 183 U. S. 25, 40, 22 S. Ct. 10, 46 L. Ed. 64.

[3] Evidence was adduced tending to prove intentional burning of the insured property by Morton, one of the mortgagees. In view of this evidence, the defendant complains of the refusal of the request for the instruction that, if the mortgagee intentionally burned the property, the mortgagor could not recover. It is true the condition of the mortgage had been broken at the time of the fire, and the mortgagees were therefore the legal owners. It is also true that the mortgage required the mortgagor to carry insurance on the busses payable to the mortgagees as their interests might appear; but the mortgagor had an insurable interest, and the policy was not in fact made payable to the mortgagees. The mortgagee, Morton, holding one-fourth of the capital stock, was not the substantial owner of the mortgagor corporation and its property. As its president, he participated in its management, but he did not control it, as in Northern Assur. Co. v. Rachlin Clothes Shop (Del.) 125 A. 184. There is no evidence that the other stockholders and officers participated in or sanctioned the burning. Under these facts, incendiarism of the mortgagee cannot be imputed to the mortgagor corporation. Kirkpatrick v. Allemannia Insurance Co., 102 App. Div. 327, 92 N. Y. S. 466; Meily Co. v. London & Lancashire Fire Ins. Co. (Third Circuit) 148 F. 683, 79 C. C. A. 454; Felsenthal Co. v. Northern Assur. Co., 284 Ill. 343, 120 N. E. 268, 270, 1 A. L. R. 602.

We think the District Judge was right in refusing to charge, under the evidence adduced, that, if the mortgagee burned the property, the mortgagor could not recover. If the mortgagee burned the property, the insurance would go to the mortgagor, to be paid to the other creditors and its stockholders. We perceive no foundation for the objection to the estimates of value of the insured property.

[4, 5] The policy also contained this provision:

### "Warranties by the Assured.

"The assured's occupation or business, where the subject of this insurance is used in connection therewith, the description of the automobile insured, the facts with respect to the purchase of same, the uses to which it is and will be put, and the place where it is usually kept, as set forth and contained in this policy, are statements of facts known to and warranted by the assured to be true, and this policy is issued by the company relying upon the truth thereof."

Among the warranties of the assured was the following statement: "Actual cost to assured, including equipment, $2,800." The actual cost of the insured automobile was

not $2,800. On the contrary, plaintiff had acquired the automobiles for the transfer of its entire capital stock. Counsel for the plaintiff admitted that the statement as to actual cost was a warranty, and that the statement of $2,800 as the actual cost was untrue. Plaintiff's reliance is on waiver and estoppel of the defendant, in that Barnes & Barnard, agents of the insurance company, knew that the consideration given for the automobile was corporate stock, and not $2,800, and themselves wrote into the policy $2,800 as the actual cost of the car.

Barnes & Barnard were agents of the insurance company, authorized to solicit insurance, receive premiums, and countersign and issue policies. There is nothing, however, in the record to indicate that they had authority to waive any of the terms of the policy, except by a writing attached to it as required by the provisions of the policy above quoted. The rule adopted in many states is that an insurance company cannot avail itself of provisions in its policy that it should be void if certain facts therein mentioned as essential to the insurance should be found not to exist when the policy was issued through its agent, and that the existence of such facts and the knowledge of the agent may be proved by parol. But the contrary rule laid down by the Supreme Court is that it is not competent to show by parol evidence that a condition stated in an insurance policy as essential to its validity was known by the issuing agent not to exist at the time the policy was issued, when the policy provided that no officer or agent should have power to waive any of the terms of the policy, except by indorsement written thereon or attached thereto. New York Life Insurance Co. v. Fletcher, 117 U. S. 519, 531, 6 S. Ct. 837, 29 L. Ed. 934; Northern Assurance Co. v. Grand View Building Ass'n, 183 U. S. 308, 22 S. Ct. 133, 46 L. Ed. 213; Lumber Underwriters of New York v. Rife, 237 U. S. 605, 35 S. Ct. 717, 59 L. Ed. 1140. These decisions are controlling.

Insurance Co. v. Wilkinson, 13 Wall. 222, 20 L. Ed. 617, and Insurance Co. v. Mahone, 21 Wall. 152, 22 L. Ed. 593, relied on by plaintiff, have no application, because the policy contained no limitation of the authority of the agent to waive conditions. We are unable to escape the conclusion that there was no authorized waiver of the untrue statement as to the actual cost of the insured property, and that therefore all of the policies are invalid. The jury should have been instructed to find a verdict for the plaintiff for the amount of the premiums paid, with interest from date of payment and no more. New York Life Insurance Co. v. Fletcher, 117 U. S. 519, 6 S. Ct. 837, 29 L. Ed. 934.

Reversed.