# KIMBALL ICE CO. v. HARTFORD FIRE INS. CO.

Circuit Court of Appeals, Fourth Circuit.
April 12, 1927.

No. 2590.

1. Insurance ⬤646(6)—Insurer, asserting willful burning of property covered by policies sued on, has burden of proof.

Defendant, in corporation's action on fire insurance policies, alleging that property was willfully burned by a stockholder, general manager, and large creditor of the corporation, has burden of proof on such issue.

2. Insurance ⬤429—Willful burning of property by corporation's general manager, owning one-fourth of its stock and being a large creditor, precludes recovery on fire policies.

A corporation cannot recover on fire insurance policies covering property willfully burned by its general manager, who was also owner of one-fourth of corporation's stock and a large creditor of the corporation.

3. Insurance ⬤429—Stockholder's right to recover on fire policy is not necessarily defeated, nor prejudicially affected, by improper actions of officer of company.

The right of recovery on an insurance policy in behalf of stockholders and owners of a corporation is not necessarily defeated, nor preju-

dicially affected, by the action of an officer of the company acting in an improper manner, unless there is fraud or wrongful doing on part of company's representative.

**4. Courts ⟲406(1¼)—Ruling on motion for new trial is not reviewable, where case depends on determination of facts from conflicting evidence.**

Grant or refusal of new trial is not subject to review by Circuit Court of Appeals, where case is clearly dependent on correct determination of facts from conflicting testimony.

Action by the Kimball Ice Company against the Hartford Fire Insurance Company. Judgment for defendant, and plaintiff brings error. Affirmed.

G. W. Howard, of Welch, W. Va. (Harman & Howard, of Welch, W. Va., on the brief), for plaintiff in error.

A. G. Fox and D. E. French, both of Bluefield, W. Va. (D. M. Easley and Joseph M. Sanders, both of Bluefield, W. Va., on the brief), for defendant in error.

Before WADDILL, ROSE, and PARKER, Circuit Judges.

WADDILL, Circuit Judge. This is an action at law, instituted in the circuit court of McDowell county, West Virginia, and removed to the United States District Court for the Southern District of West Virginia, to recover upon two certain policies of fire insurance, numbered 8656 for $2,800, and 26,996 for $8,000, issued on the 12th of February, 1924; the first named policy being upon a one-story frame building of the Kimball Ice Company, located on Chestnut street, at Kimball, McDowell county, W. Va., and the second upon the machinery, boilers, and supplies, including fixtures and furniture, in said building. The policies were taken out on the date mentioned in the name of the Kimball Ice Company, by Sol Kaufman, general manager; said Kaufman being the owner of one-fourth of the total stock of the Kimball Ice Company, and who was in complete control and management of the company at the time of taking out the policies, and acted solely in its behalf. The policies were issued through the Flat Top Insurance Agency, at Bluefield, W. Va., and secured by R. B. Taylor, insurance solicitor for the said agency.

The fire occurred on the 12th of May, 1924, and caused a total loss of the entire property covered by the policies. Proofs of loss were duly made, and the insurance company declined to pay anything on account of the policies, and this suit was instituted. Defendant filed its plea denying liability, and set forth specifically in its bill of particulars the grounds of its defense that under the provisions of the policies no recovery could be had, and in addition defendant filed a special plea setting forth that after the procurement of the policies aforesaid by the said Kaufman, acting in the name and on behalf of the Kimball Ice Company, he caused the premises to be burned, to obtain the insurance money thereon.

The Kimball Ice Company filed replications to the pleas interposed by the defendant, and especially denied that the property was burned, or caused to be burned, in order to procure the insurance thereon, and that, as well under the specifications of objection enumerated by the insurance company under the clauses of the policies, as because of the facts in connection with the alleged burning of the property, the insurance company was liable on both policies, and the plaintiff entitled to recover the full face value thereof.

The court passed upon the questions raised by the pleadings, as will hereinafter be specifically shown, and submitted the case to the jury as well on the technical questions arising upon the face of the policies as the action of the plaintiff, by and through its general manager and stockholder aforesaid in burning the insured property. The jury returned a verdict in favor of the insurance company upon the issues joined. Plaintiff thereupon moved the court to set aside the verdict of the jury, first, as contrary to the law and the evidence; second, for error in admitting improper and refusing to receive proper testimony; and, third, because of error in the court's charge to the jury. It is to the court's action in the particulars mentioned that this writ of error is sued out.

The assignments of error greatly tend to simplify the issues submitted for the determination of the court. They are that the court erred in permitting the defendant to file its specifications of defense set forth in its plea No. 1, denying liability generally under the policies; in overruling the motion to strike out plea No. 2 relating to the increase of hazards to the property, and the unlawful destruction of the same; in refusing to strike out the testimony of the defendant's witnesses Ayres, Horan, and Welcher; in charging the jury favorably to the defendant upon the plea regarding the burning

of the property by plaintiff's manager, as will be hereafter fully recited; in overruling plaintiff's motion to set aside the verdict of the jury and award a new trial; and in entering judgment thereon in behalf of the defendant. The assignments of error will be briefly considered.

(A) The assignments involve the ruling of the lower court upon the several technical questions raised by the defendant's plea upon the merits, and specifically enumerated in the bill of particulars filed setting forth the same. Defendant insisted that the policies contained provisions, conditions, and warranties disentitling a recovery thereunder, arising, among other things, from the act of the plaintiff, a manufacturing establishment, in discontinuing operation of the plant for 10 days; for its failure to have an unconditional and sole ownership in fee of the property insured; in permitting the insured premises to become vacant and not occupied for a period of longer than 10 days; and for its failure to give immediate notice in writing of the alleged loss and damage to the property insured, with a view of further protecting the same or any part thereof not actually burned.

The several questions thus presented are ordinarily of vital importance, as affecting the liability under an insurance policy, and as to each of which there is much contrariety of opinion among the courts. They all become of little moment here, as the court submitted the same—that is, the question as to the provisions, conditions, and warranties of the policies—to the jury to be determined in the light of the facts properly applicable to the same, which rulings of the court were favorable to the plaintiff, as well as its comments upon the weight and sufficiency of the testimony, and the right to introduce the same, to which no exceptions were taken by plaintiff, and the assignments of error hence do not present any alleged error in the action of the court in the respects mentioned.

(B) The defendant, predicated upon the clause in the policy denying to the assured the right of recovery "where the hazard is increased by any means within the knowledge or control of the insured," interposed its plea that the plaintiff was not entitled to a recovery because the fire resulted from the wrongful and fraudulent act of plaintiff's manager and stockholder, who at the time was in complete charge and control of the plant and property. This plea the plaintiff moved to strike out, which the court overruled, and the court thereupon in its charge submitted that question also to the jury, instructing them as follows:

"The court instructs the jury that, the defendant having interposed the defense that the plaintiff's property was willfully burned at the instance of Sol Kaufman, a stockholder and general manager of the plaintiff, the burden is on the defendant to make out this defense by a preponderance of the evidence.

"I further instruct the jury that, if you believe from all the evidence—that is, if you have a real faith in yourself—that this property was willfully burned at the instance of Kaufman, a stockholder and general manager of the plaintiff, then you should find for the defendant."

[1] The instruction of the court given at the instance of the plaintiff upon the burden of proof on the issue as to the burning of plaintiff's property, and the necessity of the defendant to establish its defense by a preponderance of the testimony, is manifestly free from error. The issue on this plea involved entirely affirmative matter, introduced by the defendant as the reason why the plaintiff should not recover, and the burden of proof in such circumstances, as well as the preponderance thereof, properly rested upon the party offering the plea. This calls for no citation of authority.

[2] The instruction as to the right of recovery under such plea, especially excepted to by the plaintiff, and set forth in its assignment of error, presents a more serious and difficult question, but one which, taking the instruction as given in the light of the court's ruling, is, we think, free from error. The court in the instruction charged the jury that, if the burning was at the instance of Kaufman, a stockholder and general manager of the plaintiff, that alone was sufficient to warrant finding a verdict for the defendant. We are inclined to think this view is correct in this case, and that there can clearly be no recovery in the circumstances here, where the general manager of the property was the owner of one-fourth of the entire capital stock of the plaintiff, a large creditor of the company, which was wholly insolvent, and who, at the time of taking out the insurance and of the fire, was in exclusive control and management of the property; the other officers and owners neither participating in nor having knowledge of what was being done with the property, or the taking out of the insurance.

[3] The right of recovery upon an insurance policy in behalf of stockholders and owners of the company is not necessarily defeated or

prejudicially affected by the action of an officer of the company acting in an improper manner; but where, in a case like the present, especially if there was fraud or wrongdoing on the part of the company's representative in procuring the policy, it presents a very different question. This is undoubtedly true, where the specific charge of fraud in the procurement of the policies and the actual burning of the property is made against the chief officer of the company, who acted in behalf of the company in effecting the insurance, and who was at all times in the exclusive management and control of the property. These facts were submitted to the jury under the charge of the court, which found a verdict in favor of the defendant company; that is to say, that the insurance policy was fraudulently procured, and the premises willfully and purposely burned, with a view of securing the insurance money. In such circumstances, of course, no recovery can be had.

We do not deem if necessary to cite authorities to show that in other circumstances recovery might be had by a company and its stockholders under the policy, but not in such a case as this, and we deem it only necessary to cite a few authorities showing that no recovery can or should be had under the conditions existing here. Columbian Ins. Co. v. Lawrence, 10 Pet. 507, 9 L. Ed. 512; Waters v. Merchants' Louisville Ins. Co., 11 Pet. 213, 9 L. Ed. 691; N. Y. Mutual Life Ins. Co. v. Armstrong, 117 U. S. 591, 6 S. Ct. 877, 29 L. Ed. 997; Ritter v. Mutual Life Ins. Co., 169 U. S. 139, 18 S. Ct. 300, 42 L. Ed. 693; Meily Co. v. London & L. Ins. Co. (C. C.) 142 F. 873; Id. (C. C. A. 3rd) 148 F. 683; Keeton v. Jefferson Standard Life Ins. Co. (C. C. A. 4th Cir.) 5 F.(2d) 183, 187; Bellman v. Home Ins. Co., 178 Wis. 349, 189 N. W. 1028, 27 A. L. R. 945; Felsenthal Co. v. Northern Assur. Co., 284 Ill. 343, 120 N. E. 268; Northern Ins. Co. v. Rachlin Clothes Shop (Del.) 125 A. 184.

In a case certified to the Supreme Court from the Circuit Court of the District of Kentucky, answers were made, inter alia, as follows: "As we understand the first question, it assumes that the fire was directly and immediately caused by the barratry of the master and crew, as the efficient agents, or, in other words, that the fire was communicated and occasioned by the direct act and agency of the master and crew, intentionally done from a barratrous purpose. In this view of it, we have no hesitation to say that a loss by fire caused by the barratry of the master or crew is not a loss within the policy.

Such a loss is properly a loss attributable to the barratry as its proximate cause, as it concurs as the efficient agent, with the element, eo instanti, when the injury is produced. If the master or crew should barratrously bore holes in the bottom of the vessel, and the latter should thereby be filled with water and sink, the loss would properly be deemed a loss by barratry, and not by a peril of the seas or of rivers, though the flow of the water should co-operate in producing the sinking."

"* * * As applied to policies against fire on land, the doctrine has for a great length of time prevailed that losses occasioned by the mere fault or negligence of the assured or his servants, unaffected by fraud or design, are within the protection of the policies; and as such recoverable from the underwriters." Mr. Justice Story, speaking for the Supreme Court in Waters v. Merchants' Louisville Insurance Co., supra, 11 Pet. 213, 219, 9 L. Ed. 691.

"In relation to insurances against fire on land, the doctrine seems to have prevailed for a great length of time that they cover losses occasioned by the mere faults and negligence of the assured and his servants, unaffected by any fraud or design. * * * Fraudulent losses are necessarily excepted upon principles of general policy and morals; for no man can be permitted, in a court of justice, to allege his own turpitude as a ground of recovery in a suit." Mr. Justice Story, speaking for the Supreme Court in Columbian Insurance Co. v. Lawrence, supra, 10 Pet. 507, 517, 518, 9 L. Ed. 512.

"But, independently of any proof of the motives of Hunter in obtaining the policy, and even assuming that they were just and proper, he forfeited all rights under it when, to secure its immediate payment, he murdered the assured. It would be a reproach to the jurisprudence of the country, if one could recover insurance money payable on the death of a party whose life he had feloniously taken. As well might he recover insurance money upon a building that he had willfully fired." Mr. Justice Field, speaking for the Supreme Court, in New York Mutual Life Ins. Co. v. Armstrong, supra, 117 U. S. 591, 600, 6 S. Ct. 877, 881, 29 L. Ed. 997.

"In all contracts of insurance, there is an implied understanding or agreement that the risks insured against are such as the thing insured, whether it is property, or health, or life, is usually subject to, and the assured cannot voluntarily and intentionally vary

them. Upon principles of public policy and morals, the fraud or the criminal misconduct of the assured is, in contracts of marine or of fire insurance, an implied exception to the liability of the insurer." Mr. Justice Harlan, speaking for the Supreme Court in Ritter v. Mutual Life Ins. Co., supra, 169 U. S. 139, 157, 158, 18 S. Ct. 300, 306, 42 L. Ed. 693.

The authorities cited would seem to make clear that in a case like the present, under the jury's finding upon the facts, no recovery can be had upon a policy of insurance issued under circumstances as here. Some of the cases discuss the differences between policies issued in behalf of a copartnership and those in favor of corporations; the distinction sought to be made being that copartners are agents one for the other, which is not the case with stockholders of a corporation.

Whatever there may be in these distinctions, they should not avail where the general manager, who took out the insurance, was the sole representative of all the parties connected with the corporation, and who entirely directed, managed, and controlled the same, and in which he was personally largely interested as a stockholder. If recovery could be had in the present instance, all that would be necessary would be to turn over the property of a corporation to the exclusive management and control of a single person, who could procure insurance fraudulently and effect the willful burning of the insured premises, and assert a mere claim of innocence on the part of those interested in the company, who would thereby secure the benefit of the direct fraud.

(C) The court, in our judgment, was clearly right in its ruling declining to strike out the testimony of the witnesses Ayres, Horan, and Welcher, and allow the same to remain in the evidence, with the court's comments thereon, which clearly called attention to the infirmities in the testimony, the extent to which the same should be considered, and its proper legal bearing.

[4] (D) The assignments of error involving the motion for a new trial, and the refusal of the court to set aside the verdict of the jury, and in entering judgment thereon for the defendant, are one and all without merit. The granting or refusing to grant a new trial is not the subject of review by this court in the circumstances here. No motion was made by the defendant to take the case from the jury and instruct a verdict in its behalf. Had such a motion been made, the same should have been overruled. The case as submitted

was clearly one dependent upon the correct determination of the facts. The conflict in the testimony, as affecting the more essential features of the case, was apparent, presenting a delicate issue, that particularly called for the consideration of the jury.

The facts abundantly sustain the jury's finding, and the court's action in respect thereto, and this court should not for a moment consider the substitution of its judgment for that of the jury, the final triers of the facts. The judgment of the trial court should be affirmed, at the cost of the plaintiff in error.

Affirmed.

The affirmance of the decision in this case was concurred in by the three circuit judges, but Judge ROSE died before the announcement of the opinion.