KLEMENS, Appellant, v. BADGER MUTUAL INSURANCE COMPANY OF MILWAUKEE, Respondent.

*November 4—December 1, 1959.*

For the appellant there was a brief by *Jack J. Schumacher* of Shawano, attorney, and *Adolph P. Lehner* of Oconto

Falls of counsel, and oral argument by *Mr. Schumacher* and by *Mr. Howard N. Lehner* of Oconto Falls.

For the respondent there was a brief by *Benton, Bosser, Fulton, Menn & Nehs,* attorneys, and *Peter S. Nelson* of counsel, all of Appleton, and oral argument by *Mr. Nelson* and *Mr. David L. Fulton.*

BROWN, J.  Mr. and Mrs. Klemens owned a dwelling as joint tenants.  They insured it in their joint names against loss by fire for $9,000 by a policy written by defendant Badger Mutual Insurance Company of Milwaukee.  The policy contained a provision that the company is not liable for loss caused by neglect of the insured to save and preserve the property at and after a loss.

Then Mr. and Mrs. Klemens mortgaged the property for $6,500 to Shawano Savings & Loan Association.  The said insurance policy contained a "loss payable" clause protecting the mortgagee.

After the policy and the mortgage had been executed Mr. Klemens intentionally set fire to the insured property and loss resulted.  He was convicted of arson.  Mrs. Klemens was not implicated in her husband's act.  She is the sole plaintiff and brings this action to recover the indemnity named in the policy.  She submits that as an assured, innocent of all wrongdoing, her right to recover under the policy is unaffected by the act of her husband.

The law is settled to the contrary.  Counsel for respondent has correctly stated it as follows:

"Under the Wisconsin standard policy, the insurer is not liable for loss caused by neglect of the insured to save and preserve the property at and after a loss.  This provision was held in the leading and much-cited case of *Bellman v. Home Ins. Co.* (1922), 178 Wis. 349, to be a joint obligation of the coinsureds with each agreeing that he and the other insured will not neglect to use all reasonable means to save

and preserve the property. Intentional destruction of the property constitutes a breach of the agreement not to neglect to save and protect the property. Because this agreement is joint with each insured promising that he and the other would not commit this neglect, the breach of the policy caused by intentional destruction is chargeable to both insureds and precludes recovery by the innocent joint insured.

"The Wisconsin standard policy states it shall be void in any case of fraud by the insured. As was the case with the neglect provision, this also is a joint obligation of the co-insureds with each agreeing that he and the other insured will not commit fraud. Intentional destruction of the property constitutes fraud and voids the policy. Because the agreement not to commit fraud is joint, with each insured promising that he and the other would not commit fraud, the breach caused by intentional destruction is chargeable to both insureds and precludes recovery by the innocent joint insured."

Appellant attempts to avoid the rule of *Bellman v. Home Ins. Co.* (1922), 178 Wis. 349, 189 N. W. 1028, pointing out that the co-ownership of the property arose in Bellman from a partnership, whereas in the instant case it arose from joint tenancy. That is immaterial. What is material is the fact that the insurance was written in the joint names of Mr. and Mrs. Klemens and they have a joint obligation to comply with the terms of the policy. The *Bellman* principle has been applied in numerous cases regardless of the origin of the common ownership of the insured property. Thus *Bellman* was cited and the principle applied in *Jones v. Fidelity & Guaranty Ins. Corp.* (Texas, 1952), 250 S. W. (2d) 281, where the property had first been community property, after which the owners became tenants in common because of a divorce. In *Kosior v. Continental Ins. Co.* (1938), 299 Mass. 601, 13 N. E. (2d) 423, the parties jointly insured were tenants in common. In *Federal Ins. Co. v. Wong* (1956), 137 Fed. Supp. 232, they were joint adventurers. In *Monaghan v. Agricultural Fire Ins. Co.* (1884), 53 Mich.

238, 18 N. W. 797, the joint interest in the insured property came by inheritance.

Citing *Bellman* and other cases, 45 C. J. S., Insurance, p. 871, sec. 822, states the rule thus:

"Where the property is jointly owned, or there is a joint obligation on the part of the owners to save and preserve the property, an innocent owner cannot recover on the policy where a co-owner wilfully set the property on fire."

29 Am. Jur., Insurance, p. 777, sec. 1028, also citing the *Bellman Case,* reaches the same conclusion.

Appellant hopes to get indirectly what she cannot have directly by proving that after the fire she paid $6,000 upon the mortgage out of her own funds, and she contends that to the extent of her payment she has been subrogated to the right the mortgagee would have had to collect from the insurer upon the "loss payable" clause in the policy. We must disappoint appellant in that hope, also. The mortgage debt was her own obligation and by paying it she acquired no right of subrogation against another. The learned trial court correctly held:

"Plaintiff's obligation on the mortgage was a primary one. Subrogation is not allowed in favor of one who makes a payment on a primary obligation, being under duty so to do. (See *Fitzgerald v. Buffalo County,* 264 Wis. 62.)"

We concur in the trial court's decision that,—

"The plaintiff is not entitled to relief against the defendant. She is barred from recovery by reason of her position as a joint owner of property and as a joint assured on a policy of fire insurance thereon involving a fire, incendiary in nature, and she does not occupy the position of a subrogee of the Shawano Building & Loan Association because of the primary obligatory nature of her payment as a comortgagor."

*By the Court.*—Judgment affirmed.

HALLOWS, J., took no part.