[Civ. No. 31758.   Second Dist., Div. Five.   Nov. 13, 1968.]

ERLIN-LAWLER ENTERPRISES, INC., Plaintiff, Cross-defendant and Appellant, v. FIRE INSURANCE EX-CHANGE, Defendant, Cross-complainant and Respondent.

Ben Waxman and Louis Mast for Plaintiff and Appellant.

Early, Maslach, Foran & Williams and Kenneth H. Wechsler for Defendant and Respondent.

AISO, J.—Erlin-Lawler Enterprises, Inc., a California corporation, dba Bestways Market #1, Dan Erlin, and James H. Lawler, as plaintiffs, brought this action against the defendant Fire Insurance Exchange and others for the purpose of collecting fire insurance under policies covering loss by fire to the equipment and fixtures and stock in trade of the plaintiff corporation and loss from business interruption caused by fire.

Defendant insurance company denied liability, inter alia, on the ground that the fire was deliberately caused by plaintiffs Dan Erlin and James H. Lawler, who had been convicted for arson for setting the fire. Defendant insurance company cross-complained against the three plaintiffs for reimbursement of the sum it had paid out to the Union Bank under a "Lender Loss Payable Endorsement" for damage to the equipment and fixtures on which the Union Bank held a security interest.

The trial court, sitting without a jury, denied recovery on the complaint and granted judgment on defendant's cross-complaint for $8,287.50 against plaintiffs and cross-defendants, Erlin-Lawler Enterprises, Inc., Dan Erlin and James H. Lawler.

From this judgment the plaintiff corporation, Erlin-Lawler Enterprises, Inc., alone appeals. Two stockholders, Jacqueline Erlin and Betty Mae Robison, attempted to appeal from said judgment, but their attempted appeals were dismissed for lack of standing to appeal. (265 A.C.A. No. 4, Minutes, p. 8.)

Plaintiff corporation contends that the conclusion of law upon which the judgment is predicated, namely, "That plaintiff, Erlin-Lawler Enterprises, Inc., was merely the alter ego of plaintiffs, Dan Erlin and James H. Lawler" is neither supported by the findings nor the evidence. We agree.

The congenital infirmity of this case is the attempted stipu-

lated submission on the agreed facts in the joint pretrial statement and the statement of facts as delineated in the defendant's trial brief filed with the court, the latter to "be considered by the Court as evidence." The stipulation did not cover sufficient facts or evidence to enable the court to render a judgment for either party based on the law and substantial evidence. The court should have set aside the stipulation of counsel and reopened the case for the taking of additional evidence or the obtaining of further stipulations as to necessary facts, ultimate or evidentiary. (*McCarthy* v. *Employers' Fire Ins. Co.* (1934) 97 Mont. 540 [37 P.2d 579, 582-583, 97 A.L.R. 292].)

There is no dispute as to defendant insurance company having issued a policy to plaintiff corporation covering losses under the risks alleged in its complaint, that a fire occurred on December 30, 1961, that a proof of loss claiming $85,854.63 was filed and the claim denied by defendant insurance company, that plaintiffs Dan Erlin and James H. Lawler had been convicted for arson on August 16, 1963, for wilfully and maliciously setting the fire with intent to defraud the insurer, and that defendant insurance company (cross-complainant) had paid to the Union Bank the sum of $8,287.50 under a "Lender Loss Payable Endorsement" for damages to equipment and fixtures caused by the fire.

The factual issues, dispositive of this litigation, were presented to the trial judge for resolution with only the following as the evidence:

"Erlin-Lawler Enterprises, Inc. was incorporated in August, 1960. The incorporators were Dan Erlin, his wife, James H. Lawler and his ex-wife. Each became equal stockholders upon contribution of cash to the corporation in equal amounts. Dan Erlin became president of the corporation and James H. Lawler, secretary-treasurer. The two women also became officers of the corporation. All but Mrs. Erlin took an active, full-time role in the operation of the food market in Inglewood and each received a salary as compensation. In the early part of 1961, James H. Lawler sold his entire stock interest to Dan Erlin, who wound up with 50% of the stock in his name, 25% in his presently ex-wife's name, and 25% in the name of Lawler's ex-wife. Mr. Lawler ceased all official connections with the corporation upon sale of his stock interest but remained to render advice as a friend.

"No change has occurred in the stock holdings or offices of

the corporation since early 1961, and the corporation continues in existence to the present time.''

At the trial, defendant contended that *Teitelbaum Furs, Inc.* v. *Dominion Ins. Co., Ltd.* (1962) 58 Cal.2d 601 [25 Cal.Rptr. 559, 375 P.2d 439] was controlling. The plaintiff corporation contended that *Nuffer* v. *Insurance Co. of North America* (1965) 236 Cal.App.2d 349 [45 Cal.Rptr. 918] was the applicable case. Neither was correct; neither decision is dispositive of this case. In *Teitelbaum,* the insured corporations conceded that they were mere *alter egos* of the arsonist. There is no such concession here. In *Nuffer* there was no showing that the agent who set the fire would benefit from the recovery on the policy. The court there stated, ''The courts of all jurisdictions in the United States, save one, that have considered situations such as in the case at bench, have held that recovery upon a policy of fire insurance is not defeated by the fact that the loss for which recovery is sought resulted from the intentional burning by the insured's agent of the property covered by the policy [citations omitted], unless the insured personally participated in the arson or ratified the same . . . , or the agent would benefit substantially from recovery upon the policy. (*California·Ins. Co.* v. *Allen* 235 F.2d 178, 179; *Firemen's Mut. Ins. Co.* v. *Aponaug Mfg. Co., supra,* 149 F.2d 359, 361; *Kimball Ice Co.* v. *Hartford Fire Ins. Co.,* 18 F.2d 563, 565-566 [52 A.L.R. 799]; *Meily Co.* v. *London & Lancashire Fire Ins. Co.,* 148 F. 683 [79 C.C.A. 454]; *D. I. Felsenthal Co.* v. *Northern Assur. Co.,* 284 Ill. 343 [120 N.E. 268, 270, 1 A.L.R. 602]; *Miller & Dobrin Furniture Co.* v. *Camden Fire Ins. Co. Assn., supra,* 55 N.J.Super. 205 [150 A.2d 276, 280, 283]; *Travelers Fire Ins. Co.* v. *Wright* (Okla.) 322 P.2d 417, 422 [70 A.L.R.2d 1170]; *Bellman* v. *Home Ins. Co.,* 178 Wis. 349 [189 N.W. 1028, 27 A.L.R. 944].)'' (*Nuffer* v. *Insurance Co. of North America* (1965) *supra,* 236 Cal.App.2d 349, 354-355.) Here, Dan Erlin would benefit to at least the extent of 50 percent of the corporation's recovery, if the assets of the corporation consisted only of the proceeds of the policy. Neither case is, therefore, on all fours with the factual situation presented here.

We have examined the cases cited by the court in *Nuffer* listed above, as well as others cited in the following texts on fire insurance: 18 Couch on Insurance 2d (1968) §§ 74:669-74:673, pp. 591-594; 5 Appleman, Insurance Law and Practice (1941) § 3113, pp. 259-260; 45 C.J.S., Insurance, § 822, p.

871; 29-A Am.Jur., Insurance, § 1305, p. 428. The question posed here appears to be of first impression in California. ▮ From the cases decided in the other jurisdictions, the following basic rule may be deduced: The arsonist's status as an officer, stockholder, employee or agent of an insured corporation does not necessarily preclude the corporation from recovering upon the policy of insurance. The basic function of the court is to see that no one takes advantage of his own wrong. (Civ. Code, § 3517.) Section 533 of the Insurance Code providing in part, ''An insurer is not liable for a loss caused by the wilful act of the insured . . .'' is but a codification of the foregoing jurisprudential maxim. (*Nuffer* v. *Insurance Co. of North America* (1965) *supra,* 236 Cal.App.2d 349, 354.) An analysis must be made in each case to see if the arsonist will benefit by the recovery on the policy, either directly or indirectly.

▮ ''When . . . the beneficial owner of practically all of the stock in a corporation, and who has the absolute management and control of its affairs and property, . . . sets fire to the property of a corporation, or causes it to be done, there is no sound reason to support the contention . . . that the corporation should be allowed to recover on a policy for the destruction of the corporate property by a fire so occasioned.'' (*Felsenthal Co.* v. *Northern Assur. Co.* (1918) 284 Ill. 343 [120 N.E. 268, 1 A.L.R. 602, 607].)

If an officer or stockholder has absolute control in the conduct of the business of a corporation, his acts if he acts on behalf of the corporation become the acts of the corporation barring it from recovery even though he is not the dominant shareholder. (*Northern Assur. Co.* v. *Rachlin Clothes Shop* (1924) 32 Del. 406 [125 A. 184, 187-188, 190].) Where the fire is set by a manager owning only one-fourth of the stock, but having complete control and management of the corporation, the latter may not recover. (*Kimball Ice Co.* v. *Hartford Fire Ins. Co.* (4th Cir. 1927) 18 F.2d 563, 564, 565-566 [52 A.L.R. 799].) Where the minority shareholder is the president and a secured creditor of the corporation, but his part in the corporate management is limited to participation and not control, it has been held that his act of incendiarism does not bar the corporation from recovering if the judgment provides that only other bona fide creditors and innocent stockholders are to share in the proceeds of the insurance. (*Fidelity-Phenix Fire Ins. Co.* v. *Queen City Bus & Transfer Co.* (4th Cir. 1925) 3

F.2d 784, 785.) A Georgia court has even barred corporate recovery if the innocent stockholders will not actually realize any benefit because of the insolvent state of the corporation. (*Sandersville Oil Mill Co.* v. *Globe & Rutgers Fire Ins. Co.* (1924) 32 Ga.App. 722 [124 S.E. 728].) While we are not prepared to go to this extreme limit, if payment to creditors lightens the personal liability of the individual wrongdoers, then the benefit accruing to them would become apparent.

In *Miller & Dobrin Furniture Co.* v. *Camden Fire Ins. Co. Assn.* (1959) *supra,* 55 N.J.Super. 205 [150 A.2d 276, 284], the court held the corporation barred from recovery where the incendiary was a 50 percent shareholder, the secretary-treasurer, a director, and who exercised the dominant control of the management of the corporation. The court further held that although the business was being conducted under the guise of being a corporation, it was in fact a partnership, and applied the rule applicable to partnerships.

The rule as to partnerships or joint ventures is that innocent partners and joint venturers are also barred from recovery where the arson is perpetrated by a partner or a joint venturer. (*Travelers Fire Ins. Co.* v. *Wright* (1958) *supra* (Okla.) 322 P.2d 417, 70 A.L.R.2d 1170, 1177; *Bellman* v. *Home Ins. Co.* (1922) *supra,* 178 Wis. 349 [189 N.W. 1028, 27 A.L.R. 944]; *Monaghan* v. *Agricultural Fire Ins. Co.* (1884) 53 Mich. 238 [18 N.W. 797].)

██ Mere family relationship of the arsonist which does not bestow a property right or other direct financial benefit in the proceeds of insurance does not bar a recovery. (*Merchants Ins. Co.* v. *Lilgeomont, Inc.* (5th Cir. 1936) 84 F.2d 685, 688-689 [wife sole owner and president of a corporation, to whose property husband fraudulently set fire]; cf. *Arenson* v. *National Auto. & Cas. Ins. Co.* (1955) 45 Cal.2d 81 [286 P.2d 816] [minor son, a member of the protected class, set fire; his father held not barred from recovery].) But if the property insured is community property, an innocent wife cannot recover if her husband wilfully burned the property. (*California Ins. Co.* v. *Allen* (5th Cir. 1956) 235 F.2d 178, 179.) Even a divorce prior to the fire without a division of the community property does not alter this rule as to property presumptively community. (*Bridges* v. *Commercial Standard Ins. Co.* (Tex.Civ.App. 1952) 252 S.W.2d 511, 512.) Even an innocent joint tenant has been denied recovery where the fire is set by the other joint tenant. (*Klemens* v. *Badger Mut. Ins. Co.* (1959) 8 Wis.2d 565 [99 N.W.2d 865, 866].)

The stipulated evidence is cryptic. The stipulation provides in part that upon the corporation being incorporated in August 1960, by plaintiff Dan Erlin, his wife, plaintiff James H. Lawler, and his ex-wife, "[e]ach became equal stockholders upon contribution of cash to the corporation in equal amounts." Was the money which Dan Erlin's then wife contributed community funds or separate funds? If it was from community funds, was there a transmutation into separate property? Was the stock issued in her sole name? (See Civ. Code, § 164.) When did Mrs. Erlin become an ex-wife? Was it before or after the fire? The status at time of the fire would control the nature of her property interest in the proceeds from the fire insurance. Was Lawler's ex-wife already an ex-wife at the time she became a shareholder? What is the meaning of the stipulation, "In the early part of 1961, James H. Lawler sold his entire stock interest to Dan Erlin, who wound up with 50% of the stock in his name, 25% in his presently ex-wife's name, and 25% in the name of Lawler's ex-wife?" Does it mean that both of the ex-wives were merely nominal shareholders holding the shares for Erlin's benefit? Or does it mean as the trial court found "that on the date of the fire Dan Erlin owned 50 percent of the stock . . . ; Mrs. Erlin owned 25 percent, and the former Mrs. Lawler owned 25 percent?"

Under the court's finding that plaintiff Erlin owned only 50 percent of the stock at the time of the fire, he would not be the controlling shareholder. Nor can it be inferred that Erlin was in dominant control of the corporation simply by virtue of his being the president of the corporation. The two women were also officers, and "all but Mrs. Erlin took an active, full-time role in the operations of Bestways Market, and each received a salary as compensation."

What was the financial status of the corporation at the time of the fire? No evidence on this factor was stipulated to.

The acts of plaintiff Lawler who "ceased all official connections with the corporation upon sale of his stock interest but [who] remained to render advice as a friend" without more would not be attributable to the corporation. (*Merchants Ins. Co.* v *Lilgeomont, Inc.* (5th Cir. 1936) *supra*, 84 F.2d 685, 688-689.) His acts would have to be tied to the corporation by a showing of conspiracy or agency of some kind.

The finding as to the two ex-wives each owning 25 percent of the shares impliedly in their own right as separate

property is not free from the rule that if a finding is supported only by evidence so slight and tenuous that it does not create a real and substantial conflict in the evidence, it may be set aside. (*Fewel & Dawes, Inc.* v. *Pratt* (1941) 17 Cal.2d 85, 89 [109 P.2d 650].) If the finding be deemed adequately supported, then it is at war with the conclusion of law that "plaintiff, Erlin-Lawler Enterprises, Inc. was merely the alter ego of plaintiffs, Dan Erlin and James H. Lawler, and the latter [if it also includes Lawler] would benefit substantially if plaintiff corporation were permitted to recover upon said policy."

Since counsel represented at time of oral argument that evidence was available to resolve the various factual issues left untouched by the previous stipulation, the interests of justice will be best served by remanding the cause to the trial court for further proceedings consistent with the views set forth above with reference to the corporation's claim for recovery. The judgment should stand as to the individuals Dan Erlin and James H. Lawler, who did not appeal and whose conviction for arson apparently remains in force.

The judgment is reversed as to the plaintiff corporation, Erlin-Lawler Enterprises, Inc., on both the complaint and the cross-complaint. Each side shall bear its own respective costs on appeal.

Kaus, P. J., and Stephens, J., concurred.