**IT IS FURTHER ORDERED** that defendants' motion to strike shall be **DENIED.**

**IT IS FURTHER ORDERED** that the issues involving the counterclaim, the request for citations for contempt and damages and attorneys' fees and any other pending motion not rendered moot by this order shall be set for trial on November 25, 1985. The regular pre-trial order of this Court shall be applicable for that hearing.

**IT IS FINALLY ORDERED** that while this judgment and order shall be in full force and effect from date it shall not be final for the purposes of calculating time requirements for post trial motions or appeal until the memorandum opinion is entered.

Dated this 13th day of September, 1985.

**AETNA CASUALTY & SURETY COMPANY, a Connecticut corporation, Plaintiff,**

v.

**RASA MANAGEMENT COMPANY, INC., a California corporation, doing business as Tahoe Junction, Inc., a Nevada corporation; Ralph A. Spinelli, and Eleanor A. Fondren, Defendants.**

**No. CV–R–84–380–ECR.**

United States District Court, D. Nevada.

Oct. 3, 1985.

Louis A. Demers, Sacramento, Cal., and Alfred H. Osborne, Reno, Nev., for plaintiff.

Fred D. Gibson, III, Reno, Nev., and Richard J. Matthews, Elko, Nev., for all defendants except Fondren.

Mark H. Hungerson, Reno, Nev., and Kim Hagerty, Incline Village, Nev., for Fondren.

## ORDER

EDWARD C. REED, Jr., District Judge.

On October 3, 1983, fire destroyed real and personal property at Tahoe Junction Restaurant, 931 Tahoe Boulevard, Incline Village, Nevada. RASA Management Company, Inc., (RASA) doing business as Tahoe Junction, Inc., held a lease on these premises and operated the restaurant. At the time of the fire, a multi-risk insurance policy issued by plaintiff Aetna Life & Casualty Company (Aetna), a Connecticut corporation, was in effect, covering the stock, equipment, fixtures, and personal property at the restaurant. Aetna filed this declaratory judgment action to determine whether it is obligated to indemnify defendants under the insurance policy for losses incurred in the fire. Jurisdiction is based upon diversity. Aetna alleges that defendant Ralph Spinelli, sole incorporator, shareholder and director of RASA, set the fire and, therefore, Aetna has no obligation under the policy.

Before this Court is a motion to dismiss the complaint against Ralph Spinelli. Spinelli argues that Aetna has not asserted any claim for relief against him individually and that there is no actual controversy between Aetna and himself.

Matters outside the pleadings were submitted by both parties and this Court accordingly converted Spinelli's motion to dismiss to a motion for summary judgment pursuant to Fed.R.Civ.P. 56. Both parties have submitted additional pleadings and the matter is ripe.

*Analysis*

■ In an action by a liability insurer for declaratory judgment to determine the insurer's liability to an insured party, the insured is, of course, a necessary and indispensable party. Thus, there is no dispute that RASA is a necessary and indispensable party. The question presented in this case is whether Spinelli should also be considered the "insured" and, as such, a necessary party.

■ All interested parties should be joined in a declaratory judgment action whenever possible and a declaratory judgment should not be entered unless it disposes of a controversy and serves a useful purpose. *State Farm Mutual Automobile Insurance Co. v. Mid-Continent Casualty Co.*, 518 F.2d 292, 296 (10th Cir.1975). Although Spinelli is an interested party to this declaratory judgment action, there must be a case of actual controversy between Spinelli and Aetna. 28 U.S.C. § 2201; Fed.R.Civ.P. 20.

■ Aetna argues in its opposition to dismissing the complaint against Spinelli that he is the alter ego of RASA and, therefore, is an appropriate party before this Court. Aetna urges this Court to pierce the corporate veil and hold that Spinelli is the alter ego of RASA.

In order to apply the alter ego doctrine to pierce the corporate veil, Nevada law requires the following factors be met: "(1) the corporation must be influenced and governed by the person asserted to be its alter ego; (2) there must be such unity of interest and ownership that one is inseparable from the other; and (3) the facts must be such that adherence to the fiction of a separate entity would under the circumstances, sanction fraud or promote injustice." *Rowland v. Lepire*, 99 Nev. 308,

316–317, 662 P.2d 1332, 1337 (1983). Aetna has failed to allege the facts in its complaint which would support its argument. Aetna alleges that Spinelli is the sole incorporator, shareholder, and director of RASA. Aetna also alleges that Spinelli was the restaurant's owner and manager. These allegations are insufficient.

In any event, dismissing the complaint against Spinelli in no way precludes Aetna from arguing that any alleged illegal actions of Spinelli should be imputed to RASA, thus, absolving Aetna's liability under the insurance policy.

"When ... the beneficial owner of practically all of the stock in a corporation, and who has the absolute management and control of its affairs and property, ... sets fire to the property of a corporation, or causes it to be done, there is no sound reason to support the contention ... that the corporation would be allowed to recover on a policy for the destruction of the corporate property by fire so occasioned." *Erlin-Lawler Enterprises, Inc. v. Fire Insurance Exchange*, 267 Cal.App.2d 381, 73 Cal.Rptr. 182, 185 (1968); *Continental Insurance Co. v. Gustav's Stable Club*, 211 Neb. 1, 317 N.W.2d 734 (1982).

Although an arsonist's status as an officer, stockholder or employee or agent of an insured corporation does not necessarily preclude the corporation from recovering on policy of insurance, an analysis is made in each case to see if the arsonist will benefit by recovery on fire policy, either directly or indirectly. *Erlin-Lawler Enterprises*, 267 Cal.App.2d 381, 73 Cal.Rptr. 182, 185 (1968). In order to make this analysis Spinelli is not a necessary party to this action.

As a corporation, RASA may be held liable for the willful acts of its employees or agents. *See Dart Industries, Inc. v. Liberty Mutual Insurance Co.*, 484 F.2d 1295, 1296 (9th Cir.1973). Therefore, dismissing the complaint against Spinelli does not prejudice any arguments that Aetna may make regarding its liability to pay on the insurance policy with RASA. Aetna contracted with RASA, not with Spinelli.

Spinelli is not a necessary party before this Court.

IT IS, THEREFORE, HEREBY ORDERED that the complaint against Ralph Spinelli is DISMISSED.