## BARNES v. SOUTH CAROLINA PUBLIC SERVICE AUTHORITY.

### In re CONDEMNATION OF 11,754.8 ACRES OF LAND, MORE OR LESS, IN BERKELEY COUNTY, SOUTH CAROLINA.

#### No. 4765.

Circuit Court of Appeals, Fourth Circuit.
June 10, 1941.

Before SOPER and NORTHCOTT, Circuit Judges, and MOORE, District Judge.

Augustine T. Smythe, of Charleston, S. C. (S. Henry Edmunds, of Charleston, S. C., on the brief), for appellants.

R. M. Jefferies, of Walterboro, S. C., and Edgar A. Brown, of Barnwell, S. C. (Jas. Julien Bush, of Charleston, S. C., on the brief), for appellee.

NORTHCOTT, Circuit Judge.

This is an action brought in the District Court of the United States for the Eastern District of South Carolina, at Charleston, by the appellee, South Carolina Public Service Authority, herein referred to as the condemnor, against the appellants, Albert M. Barnes, Clarence Dillon and Annie Dillon, herein referred to as the condemnees.

The object of the action was to condemn a certain tract of land in Berkeley County, South Carolina, consisting of 11,754.8 acres, to be used in connection with the building of the Santee-Cooper Hydro-Electric and Navigation Project.

There was a hearing before Referees who filed an award, in the amount of $251,894.00, and the condemnor deposited the amount of the award and entered into possession of the land. Appeals from the award were taken by both the condemnor and condemnees, and in March, 1940, there was a trial before a jury resulting in a verdict for $109,452.32. The condemnees gave notice of a motion for a new trial which motion was heard the day after the verdict was rendered and on the same day the Court handed down an order refusing the motion. Condemnees then gave formal notice of a motion to set aside the order refusing the new trial, to grant a rehearing of the motion for

a new trial, to set aside the verdict and to grant a new trial. After hearing the Court below again refused to set aside the verdict and grant condemnees a new trial. From this action this appeal was brought.

The only question involved on the appeal is whether the Court erred in refusing to set aside the verdict of the jury and grant a new trial and whether such refusal was an abuse of discretion.

The grounds upon which the condemnees urge that the Court abused its discretion were that the verdict was grossly inadequate, and did not represent just compensation for the taking of the lands in question; and because condemnor should have been estopped by an offer made to the condemnees of $160,980.95, by way of compromise before the trial, from asking any verdict below that amount. It is contended on behalf of the condemnor that the refusal of a motion for a new trial for error of fact is not subject to review whether erroneous or not; and that there was substantial evidence to support the verdict of the jury.

In Aetna Ins. Co. v. Norris Bros., Inc., 4 Cir., 109 F.2d 172, Judge Soper of this Court laid down the principle that an Appellate Court will not review the action of a federal trial court in granting or denying a motion for a new trial for error of fact. In United States v. Socony-Vacuum Oil Company, 310 U.S. 150, 60 S.Ct. 811, 855, 84 L.Ed. 1129, Mr. Justice Douglas said:

"Hence this case falls within the well established rule that neither this Court nor the Circuit Court of Appeals will review the action of a federal trial court in granting or denying a motion for a new trial for error of fact, since such action is a matter within the discretion of the trial court. Fairmount Glass Works v. Cub Fork Coal Co., 287 U.S. 474, 53 S.Ct. 252, 77 L.Ed. 439. Certain exceptions have been noted, such as instances where the trial court has 'erroneously excluded from consideration matters which were appropriate to a decision on the motion'. Fairmount Glass Works v. Cub Fork Coal Co., supra, 287 U.S. page 483, 53 S.Ct. page 255, 77 L.Ed. 439. * * *

"Certainly, denial of a motion for a new trial on the grounds that the verdict was against the weight of the evi-

dence would not be subject to review. Moore v. United States, 150 U.S. 57, 61, 62, 14 S.Ct. 26, 28, 37 L.Ed. 996; J. W. Bishop Co. v. Shelhorse, 4 Cir., 141 F. 643, 648; O'Donnell v. New York Transp. Co., 2 Cir., 187 F. 109, 110. In substance no more than that is involved here."

However, when there is substantial evidence to support the verdict of the jury there can be no question of an abuse of discretion, by the trial judge, in refusing a motion to set the verdict aside.

A study of the record shows that there was evidence before the jury that the land in question was of less value than the amount of the verdict; that sales of property in the immediate neighborhood were at a less price per acre than that fixed in the verdict; and that the jury took what was held by the trial judge to be a very comprehensive view of the land, one day of the trial being devoted to that purpose, with competent guides and attendants. The fact that the jury followed the valuation fixed by some of the witnesses for the condemnor rather than the much larger values given by witnesses for the condemnees is no evidence of error. The jury that heard the witnesses and saw their demeanor on the witness stand had the right to believe some witnesses and discard the evidence of others. We are of the opinion that the trial judge was right in holding that there was substantial evidence to support the verdict of the jury.

The contention made on behalf of the condemnees that the condemnor was estopped by its offer of $160,980.95, from making any claim that the value of the property involved was less than the amount of said offer, does not merit serious consideration. The evidence of the offer of compromise was not tendered at the trial and could not have been admitted in evidence had it been tendered, and there was no evidence with regard to it in the record. Offers in compromise never are a basis for estoppel.

There was substantial evidence to support the verdict of the jury, and in refusing to set it aside and grant a new trial the trial judge in no way abused his discretion. The judgment of the court below is accordingly affirmed.

Affirmed.