**UNITED STATES v. 133.1 ACRES OF LAND IN PENOBSCOT COUNTY, MAINE et al.**

**No. 71.**

District Court, D. Maine, N. D.

Jan. 14, 1942.

J. D. Clifford, Jr., U. S. Atty., and E. J. Harrigan, Asst. U. S. Atty., both of Portland, Me., and E. Donald Finnegan, Asst. U. S. Atty., of Bangor, Me., for petitioner.

Abraham Rudman, Eaton & Peabody, and George F. Peabody, all of Bangor, Me., for defendants.

PETERS, District Judge.

The above entitled civil action was a condemnation proceeding by which the United States took for public use several parcels of land near the airport in the city of Bangor. A jury was impaneled and to it were submitted the issues of the amount of damages sustained by the respective owners of the parcels taken, separate trials being had as to the land of each owner. For the land and easements taken from the ownership of Earl Simpson the jury awarded damages of $3,500,

and for the land and easements taken from the ownership of Dora A. Allen and others $2,500. The United States has made motions for a new trial in each case on the ground that there was no substantial evidence to sustain the verdicts of the jury, that the verdicts were "contrary to law" and for excessive amounts. No claim has been made that the verdicts were contrary to law or without foundation except in being for too large amounts, and the only question now raised is whether the verdicts should be set aside and new trials granted on account of excessive awards.

■ No errors in the trial are alleged nor any mistakes by the jury as to the principles of law which should govern its decision. There is no reason to think that the jury failed to exercise a deliberate and unbiased judgment, or that it was influenced by any prejudice, unless such can be inferred from the verdicts alone.

"Where the evidence submitted to the jury is such as to render the issue doubtful, a new trial will not be granted, even though the verdict is against the apparent weight of the evidence." Mt. Adams & E. P. Inclined R. Co., v. Lowery, 6 Cir., 74 F. 463, 473. (Judge Lurton)

It must be so manifestly and palpably against the evidence as to compel the conclusion that the verdict is contrary to right and justice. American Cooler Co. v. Fay & Scott, D.C.Me., 20 F.Supp. 782, and cases cited.

In both cases the jury was taken to view the premises and carefully inspected them and the surrounding situation as affecting values of land in that vicinity. In both cases opinion testimony by experts on each side was given on the question of value.

■ Simpson case. The Simpson property was a beautifully kept-up milk farm in rather close proximity to the thickly settled part of Bangor. One hundred head of cattle were kept on the place. A large section of field into which the cows were turned after haying until October was cut off from the main farm and from the water supply by a railroad through the middle of the property, an easement for which was taken by the Government. To get the animals through gates and across the track without escaping up and down its length required the services of three men. A sewer was also run across another part of the farm. Besides the loss of the use of the land taken, many serious inconveniences in the operation of the farm were obvious. One Government expert estimated the damage at $1,450, another at $1,800. Experts for the owners put it at $3,500 or more. The Simpsons considered it to be $5,000. The jury awarded $3,500.

■ Allen case. This property was a dwelling house and lot next the main highway opposite the airport and was considerably cut up by the new railroad on one side and the sewer on the other. Government experts placed the damages at about $1,500. The experts for the owners estimated $4,000. The owners themselves thought they were damaged to the extent of $4,000 to $5,000. The jury found $2,500.

■ There was not the least thing in the trial nor is there in the result to indicate any finding of passion or prejudice or any mistake or misunderstanding on the part of the jury. On hearing the opinion of the parties and their witnesses and after carefully examining the premises, the jury evidently concluded that the witnesses for the Government were too conservative and fixed upon figures nearer the estimates of the witnesses for the owners. They used their own judgment within the limits of the evidence. There was nothing before the Court but a difference of opinion, and to settle such a difference is what a jury is for. In the absence of other reasons for granting a new trial the Court cannot set aside what is claimed to be an excessive verdict for damages where there is substantial evidence to support it. There is nothing before the Court here to show the verdict excessive and there was ample evidence to support it in each case.

Motions for new trial are denied.