## UNITED STATES v. 1,192.9 ACRES OF LAND IN CRAWFORD COUNTY, PA., et al.

### Civil Action No. 1837.

District Court, W. D. Pennsylvania.

July 17, 1944.

Chas. F. Uhl, U. S. Atty., and James F. Boyer, Asst. U. S. Atty., both of Pittsburgh, Pa., for the Government.

S. Y. Rossiter, of Erie, Pa., for defendants.

SCHOONMAKER, District Judge.

The United States condemned, among other lands, the premises of William J. Pearson situate in Crawford County, Pennsylvania, in connection with the establishment of an ordnance plant and related military purposes.

Viewers were appointed, who awarded Pearson damages of $9000 in connection with the land taken by the Government. Both Pearson and the United States appealed from this award, and an issue was framed to try Pearson's claim for damages, in which he was plaintiff and the United States was defendant. A trial was had before this court and a jury, which resulted in a verdict in favor of Pearson for $8000.

Pearson has moved for a new trial. The first reason assigned was that Juror William R. Rankin failed, neglected, and refused to admit on voir dire examination that he was a pensioned employee of the United States. This reason was not pressed on the oral argument of Pearson's motion for a new trial, nor in his brief filed in this case.

By letter of the United States Civil Service Commission hereto appended, it appears that Rankin left the employment of the Treasury Department of the United States in 1919, and has not been since re-employed, and that his name does not appear on the annuity roll as a beneficiary under the Civil Service Retirement Act, 5 U.S.C.A. § 691 et seq. We therefore conclude that this reason is without merit.

The second reason assigned is that the court erred in refusing to admit evidence offered by plaintiff as to the purchase price of the property involved. This objection was withdrawn by Pearson's counsel on July 12, 1944.

The third reason assigned is the refusal of the court to admit evidence as to the cost of improvements made by Pearson between the time of purchase and the time of taking of the property by the United States. This objection is not tenable. The issue in this case was properly limited to the value of the property in its entirety, before and after taking. See McSorley v. Avalon Borough School Dis-

trict, 291 Pa. 252, 255, 139 A. 848; Graham & Co., Inc. v. Pennsylvania Turnpike Commission, 347 Pa. 622, 33 A.2d 22.

So far as concerns the Pennsylvania Acts of 1929, P.L. 1354, Sec. 527, 16 P.S. § 527, and 1931, P.L. 1041, Sec. 2818, 53 P.S. § 12198—2818, and P.L. 1275, Sec. 1914, 53 P.S. § 19092—1914, cited by Pearson's counsel, they have no application to this case, for they are concerned only with condemnation of land by Pennsylvania counties.

The fourth reason assigned by Pearson is the refusal of the court to admit evidence as to the productivity of the land taken. The annual yield of Pearson's farm was not material in this case. It was not an issue. However, witnesses testified that the soil was good. Plaintiff was permitted to testify as to the average yield his farm was capable of producing in the year 1941 (Test. pp. 90, 91). We cannot find we committed any error in this matter.

Reasons five and six relate to the adequacy of the evidence to sustain the verdict.

After a review of the evidence in this case, we cannot say that the verdict is manifestly and palpably against the weight of evidence herein. We therefore decline to disturb it.

Pearson's motion for a new trial will be denied.