**UNITED STATES of America ex rel. TENNESSEE VALLEY AUTHORITY, Plaintiff,**

v.

**544 ACRES OF LAND, MORE OR LESS, IN FRANKLIN COUNTY, TENNESSEE, Willard R. Anderson et al., Defendants.**

**Civ. A. No. 923.**

United States District Court,
E. D. Tennessee,
Winchester Division.

Nov. 6, 1969.

Robert H. Marquis, Gen. Counsel, Thomas A. Pederson, Solicitor, Don Whitehead and Beauchamp Brogan, TVA, Knoxville, Tenn., for plaintiff.

Pat B. Lynch, Ben P. Lynch, and Mike Lynch, Lynch, Lynch & Lynch, Winchester, Tenn., for defendants.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

The plaintiff-relator has moved the Court to set aside the jury verdict of just compensation of $225,000.00 for the 570-acre farm taken herein for public use in connection with the Tims Ford dam and reservoir project. The gist of the grounds urged in support thereof is that the compensation awarded is excessive under all of the proof.

██ This Court has not only the power and authority, but the duty, to set aside the verdict of a jury and grant a new trial, when, in the judgment and discretion of the Court, the amount of compensation is excessive. The exercise of this power is subject to no fixed rule, except a consideration of what is just. Felton v. Spiro, C.C.A.6th (1897), 78 F. 576, 582–583. But, to warrant a new trial herein, the Court must find the verdict so manifestly and palpably against the evidence as to compel the conclusion that it is contrary to right and justice. United States v. 113.1 Acres of Land, D.C.Maine (1942), 42 F.Supp. 582, 583 [1]; United States v. 1,192 Acres of Land, Etc., D.C.Pa. (1944), 55 F.Supp. 995, 996 [6]; Cf. Aetna Casualty & Surety Co. v. Yeatts, C.A.4th (1941), 122 F.2d 350, 354 [8].

██ The Court submitted the issue of just compensation to the jury under clear instructions, in which the criteria for the award were clearly stated. As the Court now recalls, there were no objections interposed as to any jury instruction either given or refused. The parties themselves selected from the entire venire the particular jurors they wished to make this determination. After a careful voir dire examination of the persons thus agreed upon by the parties, the Court found these jurors qualified. The evaluations placed upon the property taken by two of the landowners and one of their expert witnesses all were in excess of the amount of compensation awarded by the jury. Thus, there is substantial evidence to support the verdict of the jury, which had the primary duty to fix the amount of just compensation for the taking of this valuable farm. Barnes v. South Carolina Public Service Authority, C.C.A.4th (1941), 120 F.2d 439, 440 [2].

██ There is nothing in this record to justify a finding that the jury's award herein is so manifestly and palpably against the evidence as to compel the conclusion that it is contrary to right and justice. Of course, jurors are not permitted to disregard arbitrarily any evidence presented before them, unless they find it to be extravagant, unreasonable, contrary to common sense, contradictory, inconsistent or incredible. Gilooley v. Pennsylvania R.R., D.C.N.Y. (1879), 10 Fed.Cas. No. 5,448b, pp. 417, 418. But none of the opinions of the expert witnesses who testified herein are binding upon the jurors. These opinions are advisory only. United States v. Certain Lands in Town of Highlands, D.C. N.Y. (1941), 36 F.Supp. 968, 971. It was incumbent upon the jurors to make their own finding as to just compensation, upon a consideration of all the evidence presented before them.

██ This was a valuable and desirable farm. It was being put to its highest and most profitable use in a most efficient manner. It was taken from private owners for public use. The landowners have a constitutional right to just compensation for its taking. The amount of that compensation has now been determined in a fair trial, in which the disputed contentions of the parties were presented effectively before the jury. That the Court, in a trial without a jury, would have awarded compensation in an amount some two and one-half per cent (2½%) less than the verdict returned would hardly warrant a finding by the Court that the verdict is so manifestly and palpably against the evidence as to be contrary to right and justice.

When the trial judge submits an issue to a jury for its determination, it is not for him afterward to reweigh the evidence and set aside the jury verdict, merely because the jurors might have drawn different inferences or conclusions from the evidence, or because the trial judge might feel another result would have been more reasonable. Tennant v. Peoria & Pekin Union R. Co. (1944), 321 U.S. 29, 35, 64 S.Ct. 409, 88 L.Ed. 520, 525 (headnote 8). For all which, the motion for a new trial hereby is

Denied.