RESERVE LIFE INSURANCE COMPANY, Appellant,

v.

Vanessa Leigh ENGLISH, Appellee.

No. 17360.

Court of Civil Appeals of Texas, Houston (1st Dist.).

April 12, 1979.

Rehearing Denied May 24, 1979.

Lawrence, Thornton, Payne & Watson, Bill M. Payne, Bryan, for appellant.

Dillon, Giesenschlag, Sharp & Delaney, Bill J. Youngkin, Bryan, for appellee.

DOYLE, Justice.

This is an appeal from the judgment in a suit on a medical and hospitalization insurance policy which bore an effective date of April 7, 1976. The plaintiff, Vanessa Leigh English, appellee, sued the defendant, Reserve Life Insurance Company, appellant, to collect medical and hospital expenses resulting from a gall bladder operation in June, 1976. The policy provided that the cause of the illness must have originated after the date of the policy. The insurance company answered setting forth this policy provision and pleading that the cause of the illness originated prior to the effective date of the policy.

Trial was to a jury which found in response to special issue no. 1 that the cause of the sickness originated after April 7, 1976. No issues whatsoever were submitted to the jury on the amount, necessity for or reasonableness of medical or hospitalization expenses. Other issues related to attorney's fees in the trial court and on appeal to the Court of Civil Appeals and the Supreme Court. On issue findings favorable to appellee, judgment was entered by the trial court for $7,335.90.

By its first six points of error, the appellant complains of the trial court's failure to exclude the testimony of the appellee as to the amount, necessity and reasonableness of her hospital expenses over appellant's objections that such testimony was not the best evidence and that there was no evidence as to the amount and reasonableness of such expenses. Appellee contends that a stipulation made by and between the same parties at a previous trial of this same cause was binding on the appellant. Appellee alleges the stipulation to be as follows:

Mr. Youngkin: Your honor, at this time I'd like to stipulate as to the expenses that were incurred by the Plaintiff as a result of this hospital confinement.

The Court: Alright.

Mr. Youngkin: And that is the charge of $460.00 payable to Dr. McQuaide for surgery is a fair and reasonable charge for performance of such surgery in Brazos County; that the hospital statement of $894.50 is a fair and accurate value for services rendered by hospitals; that $90.00 paid to Bryan Anesthesia is a fair and reasonable charge for such service; and that $50.00 to Dr. Hall for assisting in surgery is also a fair and reasonable charge for such service; and that the total, fair and reasonable charge for the services rendered to Mrs. English were $1,494.50.

The Court: Do you agree to that stipulation, Mr. Payne?

Mr. Payne: I do so stipulate, your honor.

The Court: Alright. It will be admitted.

Pertinent to our discussion of the above stipulation is the manner in which it comes before us. It appears that by way of a supplemental transcript applied for on January 24, 1979, in Brazos County, Texas, and filed in this court on January 29, 1979, an excerpt from the statement of facts at a previous trial of this same cause was requested by appellee and made by one Beatrix French, the official court reporter for the 85th Judicial Court of Brazos County, Texas, who reported the proceedings at the original trial of this cause on July 11, 1977, Judge W. C. Davis, presiding. No other portion of the proceedings of that trial was excerpted.

There is nothing in the record before this court that would indicate that the second trial judge knew of such stipulation at the first trial of this cause. There is no mention of the stipulation in the judgment, and when appellee attempted to prove her medical expenses, over the objection of appellant, the following testimony was given:

Q. What sort of expenses did you incur in this surgical treatment that you received?

A. How did I pay for it?

Q. How much did it cost you?

A. How much did it cost? I don't remember that either. It was around 1600, I think.

Mr. Payne: We object to the last question and the last answer on the basis of the best evidence rule, Your Honor.

Mr. Youngkin: Your Honor, she can testify as to how much the thing cost if she paid for it.

Court: I don't think she answered it. She said, "around."

Q. You don't remember exactly at this point in time; it that correct?

A. No.

Q. But it was somewhere in that neighborhood?

A. Right.

After this testimony, nothing further was mentioned by either side concerning medical expenses. If the appellee were relying on the alleged stipulation as she argues in her brief, it is unclear why she did not answer appellant's objection by referring to such stipulation. Nor can we understand why appellee attempted to prove any medical expenses since the stipulation would have made such proof unnecessary. It is to be noted that the trial judge in the case before us (Judge W. T. McDonald) was not the judge presiding at the previous trial (Judge W. C. Davis).

From a reading of appellee's brief it appears that the alleged stipulation was agreed upon in a pretrial conference with Judge Davis before the initial trial and read into the record at the beginning of such trial. Since the record of that trial is not before us, we are unable to determine whether the court made an order on the stipulation and entered it in accordance with Rule 166(g), T.R.C.P. Likewise, we are unable to determine whether the attorneys signed it as provided by Rule 11, T.R.C.P. As a further indication that the trial court knew nothing of the alleged stipulation, it took no cognizance of appellant's

motion for new trial wherein it set out in six paragraphs the errors pertaining to the lack of proof of the medical expenses. We make no ruling as to the sufficiency of the stipulation, nor whether it was properly admitted at the previous trial, since in our opinion, such stipulation is not properly before us and therefore constitutes no part of the record.

■ Appellee cites several cases which hold that stipulations, properly entered into and presented to the court in accordance with Rule 166(g) and Rule 11, T.R.C.P., are binding on the party making them. *Barnett v. Maida*, 523 S.W.2d 325, 327 (Tex.Civ. App.-Beaumont 1975, writ ref'd n. r. e.); *United States Fire Insurance Company v. Carter*, 468 S.W.2d 151, 154 (Tex.Civ.App.-Dallas 1971, writ ref'd n. r. e.); McCormick and Ray, Texas Law of Evidence, Section 1127 (Texas Practice 2d ed. 1956). We are in accord with the general rule on the admissibility of stipulations as set forth by these authorities. However, the facts in the case before us are distinguishable. In every case this court has been able to find touching upon the introduction in subsequent trials of stipulations made in former trials involving the same parties, same counsel, same facts, same court and same cause of action, there has been an introduction of the previous stipulation, and such has become a part of the record in the subsequent trial. Unless the stipulation urged by appellee is in the record before us, we can give it no legal effect.

■ It is undisputed that no issue was requested nor submitted to the jury on the amount, necessity for or reasonableness of medical expenses. To support the judgment of the trial court, there must be some evidence of probative force of the amount, necessity for and reasonableness of the medical expenses incurred by appellee as a result of her illness. The trial court had no such evidence before it upon which to base its judgment for appellee in the amount of $7335.90. We sustain appellant's points of error one through six.

Appellant by several other points of error complains of the trial court's errors in not declaring a mistrial for appellee's attorney's improper opening remarks to the jury panel and to the jury on final argument. The court instructed the jury to disregard the challenged remarks which should not occur on a retrial of this case. Appellant's other points of error will not be discussed in view of our remand.

We feel that certain relevant portions of the evidence in this case were not properly developed and that the errors complained of will not be repeated on retrial.

The judgment of the trial court is reversed and remanded.

COLEMAN, C. J., and PEDEN, J., sitting.