In re John Nicholas SHEETS and Paula Stringer Residential Services, Inc., d/b/a Coldwell Banker Paula Stringer, Realtors, Relators.

No. 05–98–00843–CV.

Court of Appeals of Texas, Dallas.

July 7, 1998.

Ralph C. Perry–Miller, Perry–Miller & Beasley, L.L.P., Dallas, for Relator.

Ernest E. Figari, Jr., Figari & Davenport, LLP, James D. Shields, Shields Britain & Fraser, Dallas, for Real Parties.

Before KINKEADE, WHITTINGTON and BRIDGES, JJ.

## OPINION AND ORDER

WHITTINGTON, Justice.

Relators contend the trial judge erred in expanding an existing order referring discovery disputes to a master to include all pretrial matters, except summary judgment motions. Relators contend they did not consent to the second referral order and the case is not an exceptional one in which good cause has been shown under Texas Rule of Civil Procedure 171. *See* TEX.R. CIV. P. 171. We conclude the trial judge abused his discretion in entering the second referral order. Accordingly, we conditionally grant the writ.

This case arises from a dispute over entitlement to real estate commissions that arose when several real estate agents left an agency and later sold property under certain listing agreements. Initially, all parties consented to refer discovery disputes to a master, and a referral order was entered January 20, 1998. Discovery hearings were held before the master. Sometime later, the parties discussed the possibility of expanding the master's powers to include all pretrial matters. Relators objected to any expansion of power. After the real party in interest submitted a proposed order expanding the master's authority to include all pretrial matters, except summary judgment motions, relators filed objections. On May 13, 1998, the trial judge amended the referral order to include all pretrial matters, except summary judgment motions, and provided that his review of the master's decisions on pretrial matters would be under an abuse of discretion standard. The master has not held any hearings under the amended order. The issues now before this Court are whether (1) relators' previous appearances before the master under the first order waived the right to object to an expansion of the master's authority, and (2) the trial judge abused his discretion in referring all pretrial matters to the master and providing for an abuse of discretion standard of review for such matters.

Mandamus will issue to correct a clear abuse of discretion by a trial judge when there is no adequate remedy by appeal. *Walker v. Packer,* 827 S.W.2d 833, 842 (Tex.

1992) (orig.proceeding). An abuse of discretion occurs when a trial judge reaches a decision that is so arbitrary and unreasonable that it amounts to a clear error of law or violates a ministerial duty. *Walker*, 827 S.W.2d at 839. The appointment of a master without (1) the parties' consent, or (2) findings that the case is exceptional and that good cause exists for the appointment of a master is a clear abuse of discretion for which there is no adequate remedy by appeal; therefore, mandamus is a proper remedy. *Simpson v. Canales*, 806 S.W.2d 802, 812 (Tex.1991) (orig.proceeding).

## WAIVER

■ As a general rule, a complaint about the appointment of a master is waived if the objecting party appears before the master. *Owens–Corning Fiberglas Corp. v. Caldwell*, 830 S.W.2d 622, 625 (Tex.App.—Houston [1st Dist.] 1991, orig. proceeding). In this case, the real party in interest claims relators waived any objection to the master's appointment and the scope of his authority by previously appearing before him. We disagree. Relators appeared before the master only in connection with the trial court's first referral order, not in connection with the second order. In this mandamus proceeding, relators seek only to avoid the effects of the second order. Because no hearings have been held before the master under the second order, we conclude relators' objections to the second order have not been waived.

## EXPANSION OF MASTER'S AUTHORITY

■ When the parties do not agree to appointment of a master, the trial court must find (1) the case is an exceptional one, and (2) good cause exists for the master's appointment. *See* TEX.R. CIV. P. 171; *Simpson*, 806 S.W.2d at 810. Absent consent or statutory authorization, referrals to a master must comply with the requirements of rule 171. *Simpson*, 806 S.W.2d at 810. Merely showing a case is complicated or time consuming is not sufficient proof that a case is exceptional under rule 171. *Simpson*, 806 S.W.2d at 811. Further, the trial court's standard of review for an objection to a master's ruling is

de novo. *Young v. Young*, 854 S.W.2d 698, 701 (Tex.App.—Dallas 1993, writ denied); *Hyundai Motor Am. v. O'Neill*, 839 S.W.2d 474, 480 (Tex.App.—Dallas 1992, orig. proceeding).

■ In this case, there was no motion or hearing on the issue of appointment of a master or the expansion of the master's authority. Thus, there was no evidence before the trial judge indicating that this is an exceptional case requiring the appointment of a master. Furthermore, the pleadings do not show the issues in this case to be exceptionally difficult. Therefore, to be valid, the referral must be by consent.

■ Consent is defined as "compliance or approval especially of what is done or proposed by another." WEBSTER'S THIRD NEW INT'L DICTIONARY 482 (3d ed.1981). A court should not construe any action of a party to waive a right not plainly agreed to be relinquished. *See Discovery Operating, Inc. v. Baskin*, 855 S.W.2d 884, 887 (Tex. App.—El Paso 1993, orig. proceeding) (stipulation must be clear); *United States Fire Ins. Co. v. Carter*, 468 S.W.2d 151, 154 (Tex. Civ.App.—Dallas) (stipulation must be clear), *writ ref'd n.r.e. per curiam*, 473 S.W.2d 2 (Tex.1971). Consent must be by clear language demonstrating an intent to be bound on the matters set forth in the agreement. *See Manes v. Dallas Baptist College*, 638 S.W.2d 143, 145 (Tex.App.—Dallas 1982, writ ref'd n.r.e.) (consent to arbitration).

■ The reporter's record of the February 6, 1998 hearing before the master shows the parties discussed agreeing to expand the master's powers beyond the first written order to include discovery disputes pending before the trial judge at the time of the master's appointment. Although the real party in interest asserts this discussion constitutes consent to expand the master's powers to all matters contained in the second order, we disagree. The verbal discussion addresses only pending discovery matters, not all pretrial matters.

■ In addition, although the real party in interest asserts that relators' consent to the first referral order can be expanded to include the referral of all pretrial matters, we

disagree. The January 20, 1998 and March 13, 1998 orders are separate and distinct. Extending relators' consent to the first order to include the second, when the second order expands the master's authority, would be improper. Here, relators consented only to (1) the master hearing discovery disputes, and (2) the use of an abuse of discretion standard with respect to those discovery disputes. Relators did not consent to the trial judge's expansion of the master's authority to all pretrial matters, except summary judgment motions, or to the use of an abuse of discretion standard for his review of those decisions.

CONCLUSION

Relators consented to the master having authority over discovery disputes and to review under an abuse of discretion standard on discovery matters only, not all pretrial matters. Since there is (1) no consent to the expansion of the master's authority or use of the abuse of discretion standard for all pretrial matters, except summary judgment motions, and (2) no basis for a finding of exceptional circumstances and good cause, the trial judge abused his discretion in entering the March 13, 1998 amended order of referral. *See Simpson,* 806 S.W.2d at 812. Accordingly, relators' application for writ of mandamus is conditionally **GRANTED**. If the trial judge enters an order vacating his order of May 13, 1998, the writ of mandamus will not issue. The trial judge is directed to file a certified copy of his order with this Court as soon as practical after the order is entered.