Directory: 












Dissenting opinion issued February
10, 2011



In The

Court of Appeals

For The

First District of Texas

————————————

NO.
01-09-00308-CV

———————————

Jonathan
Pena, Appellant

V.

Lauren
Stoddard, Appellee



 



 

On Appeal from the 308th District
Court

Harris County, Texas



Trial Court Case No. 2005-70643

 



 

 

MEMORANDUM DISSENTING OPINION

 

          I
reluctantly dissent from this Court’s judgment.

          I join
in the portion of the majority opinion that affirms the trial court’s order
naming Stoddard as sole managing conservator. 
I am troubled by the fact that a prior joint‑managing‑conservatorship
order already existed.  The trial court
should have made the findings required for a modification of an existing
conservatorship order, yet this was never done. 
See Tex. Fam. Code Ann. § 156.101(a) (Vernon Supp.
2010).  However, I acknowledge that both
parties argued this issue to the trial court as if it were an original
determination, not a modification, and that Pena has never complained, either
to the trial court or this Court, that the trial court should have made the
findings particular to modifications and failed to do so.  Moreover, I acknowledge that the record
before us would support trial‑court findings on the required issues.  Therefore, I join in this portion of the
majority opinion.

          I do
not join in the portion of the majority opinion involving the order for
supervised visitation.  I am not
convinced that the trial court ultimately relied on a “stipulation” as to
supervised visitation.  Although at
trial, the court stated that there was a stipulation on that matter (and Pena’s
counsel neither objected nor corrected the trial court), when the court made
its findings of facts and conclusions of law, it omitted any mention of a
stipulation on this matter.  It did
state, in finding of fact number eighteen (the only finding of fact that makes
any reference to a stipulation), that the parties stipulated that, should Pena
ever be stationed within 150 miles of Houston, the court may consider that fact
a material and substantial change and a basis for modification—a matter as to
which Pena agrees he stipulated and which is reflected by the trial
record.  This is the “stipulation” read
into the record by Pena’s counsel when the trial court asked to be told “the
stipulation.”

          That
the trial court would take pains to set out a finding of fact as to a
stipulation regarding residential proximity (little more than a housekeeping
matter to cover the bases for possible contingencies at some unspecified future
date) and yet not to similarly memorialize a stipulation on an issue as crucial
as supervised visitation is not merely incongruent, but unlikely.

          By the time these findings were made,
Pena had already filed a motion for new trial in which he stated that there was
no, or insufficient, evidence as to supervised visitation.  If, as stated by the majority, the trial
court based its order of supervised visitation on such a stipulation by the
parties, surely a complaint to the trial court that there was no evidence
supporting such an order should have put the court on notice that there was no
“stipulation by the parties” on which it could base its order.

          Stipulations
are for matters actually agreed to by the parties and are not to be construed
“to effect an admission of something intended to be controverted or so as to
waive a right not plainly agreed to be relinquished.”  See U.S.
Fire Ins. Co. v. Carter, 468 S.W.2d 151, 154 (Tex. Civ. App.—Dallas), writ ref’d n.r.e. per curiam on other
grounds, 473 S.W.2d 2 (Tex. 1971). 
If the trial court here relied upon such a “stipulation,” as the
majority asserts, I would hold that reliance was in error as the issue of
possession and access was contested, it was not clear that the stipulation
given was meant to apply to that particular issue, and the trial court was
effectively put on notice that there was no stipulation by way of the motion
for new trial.  I would further hold that
the motion for new trial served to raise the issue to the trial court and thus
the complaint was not waived.

          Absent
a stipulation, the trial court needed a factual basis to mandate supervised
visitation, and Pena was entitled to findings of fact related to that
issue.  I agree that the inclusion of the
language in finding of fact number fourteen that “awarding Pena supervised access
to the child would not endanger the child’s physical health or emotional
welfare and would be in the best interest of the child,”[1]
as well as the language in findings of fact sixteen and seventeen that Pena was
“abusive toward Stoddard” and “verbally abusive toward Stoddard,” suggest that
the trial court ordered supervised visitation after concluding that there had
been family violence, although no such specific finding actually appears in the
record.




          I would
sustain Pena’s first issue, abate the appeal, remand the case to the trial
court for further findings, and then consider Pena’s second and third issues
after such findings are received. 

                                                                                

 

 

                                                                   Jim
Sharp

                                                                   Justice


 

Panel consists of Chief Justice Radack and Justices Bland and Sharp.

 

Justice Sharp, dissenting .

 

 











[1]           Cf. Tex. Fam. Code Ann. § 153.004(d)
(Vernon 2008).