**Conditionally Grant and Opinion Filed May 16, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-22-00240-CV

## IN RE SARAH CATHERINE NORRIS ALFORD AND WMC VISTA HOLDINGS, LLC, Relators

**Original Proceeding from the 429th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 429-03896-2021**

## OPINION

Before Justices Osborne, Partida-Kipness, and Smith
Opinion by Justice Osborne

Relators filed this mandamus proceeding after the trial court entered an order appointing a special master to resolve discovery disputes between the parties. We conclude the trial court abused its discretion and relators have no adequate remedy by appeal. Accordingly, we conditionally grant the writ.

Relators are defendants in the underlying proceedings, which they describe as "a business dispute involving commercial real estate interests." Relators contend that although "there are numerous legal issues involved in this case, these issues are not unique or complicated, and the [trial judge] is very well equipped to handle them." No discovery disputes are currently pending.

Nevertheless, the trial court sua sponte informed the parties that Judge Robert Jenevein had been appointed as the Special Master who would rule not only on relators' pending plea to the jurisdiction but also on "any and all discovery disputes arising between the parties." The trial court's January 5, 2022 Order Appointing Special Master delegates broad authority to the master:

## I. SCOPE OF THE APPOINTMENT

The Special Master is appointed to perform any and all duties assigned by the Court as well as any ancillary acts required to fully carry out his duties to resolve any and all discovery disputes arising between the parties.

## II. POWERS OF THE SPECIAL MASTER

Consistent with the full reach of Rule 171, the Special Master shall have and exercise the power to regulate all proceedings in every hearing before him and to do all acts and take all measures necessary or proper for the efficient performance of his duties under this Order. . . .

The Special Master will hear all discovery disputes in this case and will submit one or more reports as he deems appropriate to the Court. The Court may confirm, modify, correct, reject, reverse or recommit the report as the Court deems appropriate; however, the parties and all counsel are hereby advised that the Court anticipates entering Orders that reflect the Special Master's recommendations, absent extreme circumstances.

The order grants the Special Master the authority to have *ex parte* communications with the court, parties, witnesses, and third parties, all without notice to the parties. The Special Master is to be compensated at the rate of $500 per hour plus expenses "including employment of technical advisors or other professionals to assist him in performance of his duties," to be paid by the parties within seven days of the trial court's approval. The order further grants the Special

–2–

Master "judicial immunity and other protections" from "being compelled to give testimony and from liability for damages." After relators' initial objection to the January 5 order, the trial court signed a second order on March 9, 2022, deleting the provision requiring the special master's fees to be "borne equally" between the parties. The court then added a provision assessing 75 percent of the fees against the plaintiffs and 25 percent against the defendants, but made no changes to the broad scope of authority granted in the original order.

In order to obtain mandamus relief, relators must show both that the trial court has abused its discretion and that they have no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). "An abuse of discretion occurs when a trial judge reaches a decision that is so arbitrary and unreasonable that it amounts to a clear error of law or violates a ministerial duty." *In re Sheets*, 971 S.W.2d 745, 747 (Tex. App.—Dallas 1998, orig. proceeding). The appointment of a master without (1) the parties' consent or (2) findings that the case is exceptional and that good cause exists for the appointment of a master is a clear abuse of discretion for which there is no adequate remedy by appeal. *Id.* Consequently, mandamus is a proper remedy. *Simpson v. Canales*, 806 S.W.2d 802, 812 (Tex. 1991) (orig. proceeding); *In re Sheets*, 971 S.W.2d at 747.

Under Rule 171 of the Texas Rules of Civil Procedure, "[t]he court may, in exceptional cases, for good cause appoint a master in chancery . . . who shall perform

all of the duties required of him by the court, and shall be under orders of the court, and have such power as the master of chancery has in a court of equity." TEX. R. CIV. P. 171. However, a special master may not be appointed merely because "a case is complicated or time-consuming, or [because] the court is busy." *Simpson*, 806 S.W.2d at 811; *see also In re Behringer Harvard TIC Mgmt. Servs. LP*, 316 S.W.3d 831, 832 (Tex. App.—Dallas 2010, orig. proceeding) (granting mandamus and concluding that the trial court's "trial schedule and the complexities of discovery in this case" were insufficient grounds for appointment of a master under civil procedure rule 171).

In this case, the trial court's order states that "good cause exists in this exceptional case" for appointment of a special master, but the order does not provide any further detail. There are no reasons given for the appointment, and the trial court expressly declined to provide any when counsel inquired at the hearing on relators' objection to the appointment:

> [Relators' counsel]: Can you explain on the record what the good cause is and what the reasons for the appointment of this order is?
>
> THE COURT: No, but thank you for asking.

The record does not reflect either good cause for the appointment or exceptional circumstances. There are no discovery disputes pending. There is no indication that the case is unusually complicated or requires specialized knowledge, or that the master can provide particular skills the trial court lacks. Relators did not consent. Consequently, the appointment of the master was a clear abuse of discretion

for which there is no adequate remedy by appeal. *In re Sheets*, 971 S.W.2d at 747 (citing *Simpson*, 806 S.W.2d at 812).

Accordingly, we conditionally grant the relators' petition for writ of mandamus. A writ will issue only in the event the trial court fails to vacate its January 5, 2022 Order Appointing Special Master and its March 9, 2022 Order Regarding Defendants' Amended Objection to Order Appointing Special Master.

/Leslie Osborne//

220240f.p05

LESLIE OSBORNE
JUSTICE